UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **WILLIAM JOHN CRANDALL,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00194-JAW |
| | ) | |
| **KENNEBEC BEHAVIORAL HEALTH et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Because I granted William John Crandall's application to proceed *in forma pauperis*, *see* Order (ECF No. 7), his complaint (ECF No. 1) is now before me for preliminary review. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that when a party proceeds *in forma pauperis* a court must "dismiss the case at any time if" it determines that the action "is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

In his pro se complaint, Crandall brings claims under Maine state labor laws against Kennebec Behavioral Health, the Social Security Administration (SSA), and Penobscot Community Health and Counseling. *See* ECF No. 1 at 1-3. He elaborates as follows:

> I am suing for $8.1 Billion lost wages over the next 5 years due to restrictions placed by defendants on my manufacturing, publishing and Insurance Business losses. . . . I have been restricted by the defendants from earning Income from the manufacturing of my medical Invention, publication of my 11 children's books and lost income from my Insurance

1

> Business projected market value next 5 years $8.1 Billion. The defendants have cost me state regulatory fines.

*Id.* at 5.

Even with a liberal reading, I am unable to discern any viable claims in Crandall's complaint. The SSA, as a federal agency, is entitled to sovereign immunity. *See Coates v. Soc. Sec. Admin.*, No. 12-11836-DPW, 2012 WL 6115510, at *4 (D. Mass. Dec. 7, 2012) ("[A plaintiff] may not recover damages against the SSA (a federal agency) because it is entitled to sovereign immunity."). This Court lacks jurisdiction over Crandall's state law claims against Kennebec Behavioral Health and Penobscot Community Health and Counseling because there does not appear to be diversity of citizenship between those parties. *See BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 695 ("Under [28 U.S.C. § 1332], . . . diversity must be complete; that is, no plaintiff may be a citizen of the same state as any defendant."). And even if there were a jurisdictional hook, Crandall's complaint lacks sufficient detail to state a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint fails to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face").

Accordingly, I recommend that the Court **DISMISS** Crandall's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because Crandall's previous action against the same defendants was similarly dismissed for failing to state a claim, *see Crandall v. Kennebec Behav. Health*, No. 1:23-cv-00381-JAW, 2023 WL 6619383 (D. Me. Oct. 11, 2023), *aff'd*, 2023 WL 7615448 (D. Me. Nov. 14, 2023), I also recommend that the Court **WARN** Crandall that further groundless filings might result in the

imposition of filing restrictions limiting his ability to bring new matters in this Court, *see Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993) (noting that courts may impose filing restrictions on abusive litigants after adequate notice).

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: June 10, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge

3