UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WILLIAM JOHN CRANDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00194-JAW |
| | ) | |
| KENNEBEC BEHAVIORAL HEALTH et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On May 28, 2024, William John Crandall filed a complaint against the Social Security Administration, Kennebec Behavioral Health, and Penobscot Community Health and Counseling, alleging they restricted his ability to earn income and requesting $8.1 billion in damages. *Compl.* (ECF No. 1).

After granting Mr. Crandall's motion to proceed in forma pauperis, *Order Granting Mot. for Reconsideration* (ECF No. 7), the United States Magistrate Judge, pursuant to 28 U.S.C. § 1915(e)(2)(B), reviewed Mr. Crandall's complaint to determine if it could proceed, and filed her Recommended Decision with the Court on June 10, 2024. *Recommended Decision After Prelim. Review* (ECF No. 8) (*Recommended Decision*). In her Recommended Decision, the Magistrate Judge recommended that this Court dismiss Mr. Crandall's complaint because she was "unable to discern any viable claims in Crandall's complaint." *Id.* at 2. Mr. Crandall was given fourteen days after being served with a copy of the Recommended Decision to file an objection to the recommended dismissal. *Id.* Mr. Crandall's objection was

due on or before June 25, 2024. *Id.* Mr. Crandall failed to file a timely objection to the Recommended Decision.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision and determines that no further proceeding is necessary.

In addition to recommending that the Court dismiss Mr. Crandall's complaint, the Magistrate Judge also recommended that the Court warn Mr. Crandall "that further groundless filings might result in the imposition of filing restrictions limiting his ability to bring new matters in this Court." *Recommended Decision* at 2-3 (citing *Cok v. Fam. Ct. of R.I.*, 985 F.2d 32, 34-35 (1st Cir. 1993)).

Mr. Crandall sued Kennebec Behavior Health, one of its employees, and the Social Security Administration in this Court on October 5, 2023. *Crandall v. Kennebec Behavioral Health*, 1:23-cv-381, *Compl.* (ECF No. 1). In that complaint, he claimed that the Defendants denied him his disability check, thereby inhibiting his ability to manufacture his COVID inventions and publish his books. *Id.* at 5. Mr. Crandall sought $30 million from each defendant in lost income and wages. *Id.* at 6.

After a preliminary review, the Magistrate Judge issued a Recommended Decision that Mr. Crandall's complaint be dismissed on October 11, 2023. *Crandall v. Kennebec Behavioral Health*, 1:23-cv-381, *Recommended Decision After Prelim.*

*Review* (ECF No. 5). The Magistrate Judge explained Mr. Crandall's complaint suffered from four fatal flaws: 1) "the Social Security Administration is immune from civil suits seeking money damages," 2) "to the extent Crandall [sought] to initiate prosecutions by citing federal criminal laws, he lack[ed] standing to do so," 3) "he failed to plead any facts suggesting" that Kennebec Behavior Health and its employee were acting under color of state law when they allegedly violated his civil rights, and 4) the Court lacked jurisdiction to decide Mr. Crandall's state law claims because he "failed to plead a valid federal claim or establish diversity of citizenship." *Id.* at 3-4.

On November 11, 2023, the Court, without objection from Mr. Crandall and concurring with the Magistrate Judge's analysis, affirmed the Recommended Decision and dismissed the suit. *Crandall v. Kennebec Behavioral Health*, 1:23-cv-381, *Order Aff. Recommended Decision* (ECF No. 7); *J. of Dismissal* (ECF No. 8).

Despite the dismissal, Mr. Crandall returned to this Court just a few months later on May 28, 2024, once again suing the Social Security Administration and Kennebec Behavioral Health. *Crandall v. Kennebec Behavioral Health*, No. 1:24-cv-194, *Compl.* (ECF No. 1). Mr. Crandall, however, swapped the Kennebec Behavioral Health employee for Penobscot Community Health and Counseling as the third Defendant. *See id.* In this complaint, Mr. Crandall alleged that the Defendants restricted his ability to earn income from the manufacturing of his medical invention, book publications, and his insurance business. *Id.* at 5. This time Mr. Crandall's requested damages ballooned up to $8.1 billion to account for "5-year market projected losses." *Id.* at 6.

3

Although Mr. Crandall substituted one Defendant and changed the provisions under which he brings his suit, the underlying claims are quite similar: in both lawsuits he claims the Social Security Administration and Kennebec Behavior Health, among others, are restricting his income, causing him not to be able to pursue his business dealings. In both suits, the Magistrate Judge has had to explain to Mr. Crandall that the Social Security Administration is immune from damages suits, that the Court lacks jurisdiction because there is no diversity between the parties, and that even if there were a jurisdictional hook, his claim lacks sufficient detail about his allegations to state a plausible claim. *Compare Crandall v. Kennebec Behavioral Health*, No. 1:24-cv-194, *Recommended Decision* with *Crandall v. Kennebec Behavioral Health*, 1:23-cv-381, *Recommended Decision After Prelim. Review*.

As a result, the Court concludes that both of Mr. Crandall's previous lawsuits have been frivolous. In line with the First Circuit's guidance in *Cok*, the Court enters a cautionary order warning Mr. Crandall that filing restrictions may be in the offing if he continues engaging in groundless litigation. 985 F.2d at 35. In other words, the Court hereby warns Mr. Crandall that if he files another frivolous case in this Court against the Social Security Administration, Kennebec Behavioral Health, or Penobscot Community Health and Counseling, the Court may impose filing restrictions against him filing future claims against those parties.

In short, the Court ORDERS that the Recommended Decision After Preliminary Review (ECF No. 8) is hereby AFFIRMED, DISMISSES the Complaint

(ECF No. 1) without prejudice, and INFORMS Mr. Crandall that filing restrictions may be in the offing.

    SO ORDERED.

                             <u>/s/ John A. Woodcock, Jr.</u>
                             JOHN A. WOODCOCK, JR.
                             UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2024